UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SOUTHWEST REFRIGERATED WAREHOUSING SERVICES JOINT VENTURE, | § § § § | |
| | § | EP-16-CV-00421-DCG |
| *Plaintiff,* | § § | |
| v. | § § | |
| M.A. & SONS, INC., | § § | |
| *Defendant.* | § § | |

## MEMORANDUM ORDER

Presently before the Court is Defendant M.A. & Sons, Inc.'s "Post-Trial Brief Requesting Judgment Interest" (ECF No. 57) filed on December 20, 2018. Therein, Defendant requests both prejudgment and post-judgment interest. Brief at 3. The Court will first consider Defendant's entitlement to post-judgment interest before moving to prejudgment interest.

### A. Post-Judgment Interest

As a threshold matter, federal law governs post-judgment interest in federal cases, including diversity cases. *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456 (5th Cir. 2013). Fifth Circuit case law is "clear that, given the unequivocal language of § 1961(a), an award of post-judgment interest is not discretionary." *Joy Pipe, USA, L.P. v. ISMT Ltd.*, 703 F. App'x 253, 258 (5th Cir. 2017). 28 U.S.C. § 1961 states:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

*Id.* § 1961(a). Accordingly, the law is clear that Defendant is entitled to post-judgment interest on the money judgment in this case from the date of the entry of judgment at a rate of 2.59%.

## B. Prejudgment Interest

Prejudgment interest is awarded to compensate fully the injured party, not to punish the defendant, and is considered compensation allowed by law as additional damages for lost use of the money due between the accrual of the claim and the date of judgment. *See Johnson & Higgins, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998). Prejudgment interest is calculated under state law in diversity cases. *See Boston Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002). In Texas, a claim for prejudgment interest may be based upon general principles of equity or an enabling statute. *See Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 552 (Tex. 1985). The principal statute that provides for prejudgment interest is Texas Finance Code § 304.102, which permits the recovery of prejudgment interest in cases involving wrongful death, personal injury, and property damage. *See* Tex. Fin. Code § 304.102; *Concord Oil Co. v. Pennzoil Expl. & Prod. Co.*, 966 S.W.2d 451, 462 (Tex. 1998) (construing previous statute). Prejudgment interest begins to accrue on the earlier of: (1) 180 days after the date a defendant received written notice of a claim, or (2) the date suit is filed. *See* Tex. Fin. Code § 304.104. Prejudgment interest stops accruing on the date prior to entry of judgment and is computed as simple interest. *Id.*

In the instant case, Defendant sued to recover for damage to its property. Thus, Defendant is entitled to prejudgment interest under Texas Finance Code § 304.102. The prejudgment interest amount available to Defendant is determined based on Texas Finance Code § 304.003(c). *See* Tex. Fin. Code § 304.103. Under Texas Finance Code § 304.003(c), Defendant is entitled to the greater amount of either 5% or "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation." *Id.* § 304.003(c)(1)–(2). The current prime rate is 5.25%. *See* Tex. Fin. Code § 304.003(b) ("On the

15th day of each month, the consumer credit commissioner shall determine the postjudgment interest rate to be applied to a money judgment rendered during the succeeding calendar month."); 44 Tex. Reg. 1, 135 (2019) ("The judgment ceiling as prescribed by § 304.003 for the period of 01/01/19 -01/31/19 is 5.25% for Consumer/Agricultural/Commercial credit thru $250,000."). Thus, Defendant is entitled to prejudgment interest of 5.25%.

The final matter for the Court to determine is when the prejudgment interest began to accrue. Defendant is recovering on a counterclaim, so there is no date where it technically filed suit. However, the date when Defendant filed its counterclaim would be a functional equivalent to the date the suit was filed. *See, e.g., Huggins v. Royalty Clearinghouse, Ltd.*, 121 F. Supp. 3d 646, 660 (W.D. Tex. 2015); *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 705 (N.D. Tex. 2013). Therefore, Defendant's prejudgment interest began to accrue on September 20, 2016. *See* Def.'s Answer at 4–8, ECF No. 2.

Accordingly, **IT IS ORDERED** that Defendant is entitled to post-judgment interest at a rate of 2.59% on the money judgment in this case from the date of the entry of judgment.

**IT IS FURTHER ORDERED** that Defendant is entitled to prejudgment interest at a rate of 5.25% on the money judgment in this case from September 20, 2016, until the date prior to the entry of judgment.

**So ORDERED and SIGNED this** 4th **day of January 2019.**

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE